**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES NEWLIN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> LAKESIDE PEDIATRIC & ADOLESCENT MEDICINE, PLLC; MARIA LYNNE CENTERS, <br><br> Defendants - Appellees. | No. 25-1368 <br><br> D.C. No. 2:24-cv-00539-AKB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Amanda K. Brailsford, District Judge, Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, MENDOZA, JR., Circuit Judges.

James Newlin appeals pro se the district court's judgment dismissing his

action alleging federal and state law claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo the district court's dismissal under Federal Rule of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6) on the basis of claim preclusion. *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019). We affirm.

The district court properly dismissed Newlin's action as barred by claim preclusion because Newlin raised, or could have raised, his claims in a prior action, which involved the same parties or their privies and resulted in a final judgment on the merits. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (setting forth elements of claim preclusion under federal law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**